UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETON COMPANY and SETON COMPANY OF
MICHIGAN,

        Plaintiffs,

v.

ZHEJIANG MINGXIN LEATHER CO., LTD.;
JOHNNY ZHUANG; and MICHAEL SKINNER,
jointly and severally,

        Defendants.
                                        /

Case No. 09-12703

Honorable John Corbett O'Meara

## OPINION AND ORDER
## <u>GRANTING DEFENDANTS' FEBRUARY 26, 2010 MOTION TO DISMISS</u>

This matter came before the court on Defendants' February 26, 2010 motion to dismiss. Plaintiffs filed a response March 22, 2010; and Defendants filed a reply April 1, 2010. Oral argument was heard May 20, 2010. For the reasons set forth below, the court will grant the motion.

### BACKGROUND FACTS

Plaintiffs allege that this is more than a contract case arising out of the parties' August 30, 2008 Purchase Agreement ("PA"). Plaintiffs contend that Defendants "have engaged in a concerted action to solicit, receive, and use [Plaintiffs'] trade secrets, confidential and proprietary information, and property." Plaintiffs' br. at 1. However, the Purchase Agreement provides, "the Parties *business relationship* shall be governed solely by this Agreement." PA at ¶ 4 (emphasis added). More importantly, the PA provides the following:

> This agreement shall be governed by the laws of People's Republic of China. Any claim, controversy or dispute arising from the performance of, or in connection with, this Agreement . . . shall be settled through friendly consultations between Johnny Zhuang and Hermann Kampling or their designated representatives. If no settlement

is reached within five (5) days after the commencement of such consultations or ten (10) days after a written request for consultations has be [*sic*] issued by a Party, such claim, controversy or dispute may be submitted for arbitration by any of the Parties to the China International Economic and Trade Arbitration Commission Shanghai Sub-Commission ("CIETAC-Shanghai") in accordance with their rules. The arbitration proceedings shall be conducted in Shanghai. The arbitration tribunal shall consist of three arbitrators: each Party shall be entitled to nominate one arbitrator and the chairman of the tribunal shall be nominated by the CIETAC-Shanghai. The arbitration award shall be final and binding upon the Parties and each Party shall be responsible for its own cost.

PA at ¶ 11.

The arguments in Defendants' motion to dismiss were based primarily on lack of personal jurisdiction; however, Defendants conceded personal jurisdiction in their reply brief. Therefore, the only issue before the court is whether the PA dictates that the parties proceed to arbitration in China.

## LAW AND ANALYSIS

Courts routinely enforce arbitration clauses. In fact, the Federal Arbitration Act "establishes a 'federal policy favoring arbitration' and requiring courts to 'rigorously enforce agreements to arbitrate.'" Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987)(quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Furthermore, an arbitration agreement must be enforced even though there are parties to the suit who are not parties to the arbitration agreement. Cone v. Mercury, 460 U.S. at 20.

In this case, the PA states that the laws of the People's Republic of China govern the parties' "business relationship." PA at ¶ 4. Paragraph 11 of the PA clearly indicates that the parties intended to submit their claims, controversies and disputes to arbitration in China. In fact, the first sentence of Paragraph 11 mandates that the PA "shall be governed by the laws of the People's Republic of China."

To the extent that Plaintiffs argue that the PA does not govern all of the claims alleged in the complaint, Paragraph 8 of the PA addresses competition between the parties as follows: ". . . there shall be no limitation against any of the Parties restricting competition against any other Party within or outside the People's Republic of China market and as such the Parties may engage in open competition against one another throughout the world, in any market, and/or relating to any products without restriction."

Plaintiffs also argue that Paragraph 11's use of the word "may" instead of "shall" indicates that arbitration is permissive, not mandatory. The word "may" is used only once, however. The remaining sentences use "shall" to provide the following: 1) where the arbitration is to take place (Shanghai); 2) the number of arbitrators (three); 3) how the arbitrators are to be selected; 4) that the arbitration award "shall be final and binding" upon the parties; and 5) that the parties will pay their own costs.

There is no question that the arbitration clause provided in the PA governs all of the disputes between these parties. Moreover, because federal policy favors arbitration, the court will dismiss the action based on the language of the PA.

## ORDER

It is hereby **ORDERED** that Defendants' February 26, 2010 motion to dismiss is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: May 21, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 21, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager